UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DANNY PAUL VINSON,

    Petitioner,

v.

THOMAS WYNN,

    Respondent.

_____/

Case No. 4:16-CV-13307
HONORABLE TERRENCE G. BERG
UNITED STATES DISTRICT JUDGE

**OPINION AND ORDER DISMISSING PETITION FOR WRIT OF HABEAS CORPUS WITHOUT PREJUDICE AND DENYING A CERTIFICATE OF APPEALABILITY AND LEAVE TO APPEAL *IN FORMA PAUPERIS***

Danny Paul Vinson, ("petitioner"), confined at the Saginaw Correctional Facility in Freeland, Michigan, seeks the issuance of a writ of habeas corpus pursuant to 28 U.S.C. § 2254. In his *pro se* application, petitioner challenges his conviction for first-degree criminal sexual conduct, Mich. Comp. Laws § 750.520b(1)(f); armed robbery, Mich. Comp. Laws § 750.529; first-degree home invasion, Mich. Comp. Laws § 750.110a(2); assault with intent to do great bodily harm less than murder, Mich. Comp. Laws § 750.84; unlawful imprisonment, Mich. Comp. Laws § 750.349; felon in possession of a firearm, Mich. Comp. Laws § 750.224f; and possession of a firearm in the commission of a felony [felony-firearm], Mich. Comp. Laws § 750.227b. For the reasons stated below, the petition for a writ of habeas corpus is **DISMISSED WITHOUT PREJUDICE.**

## I. FACTUAL BACKGROUND

Petitioner was convicted in the Kalamazoo County Circuit Court. The Michigan Court of Appeals affirmed petitioner's conviction and sentence. *People v. Vinson,* No. 317778, 2015 WL 630296 (Mich. Ct. App. Feb. 12, 2015). Petitioner then filed an application for leave to appeal to the Michigan Supreme Court. In lieu of granting leave to appeal, the Michigan Supreme Court remanded the matter to the trial court for re-sentencing, based on that court's recent decision in *People v. Lockridge*, 498 Mich. 358; 870 N.W.2d 502 (Mich. 2015), in which the Michigan Supreme Court held that Michigan's Sentencing Guidelines scheme violates the Sixth Amendment right to a jury trial. There is no indication that petitioner has, as yet, been resentenced by the state trial court. Petitioner, however, has filed a post-conviction motion for relief from judgment, which remains pending in the Kalamazoo County Circuit Court.

On September 2, 2016, petitioner filed a petition for writ of habeas corpus with this Court.[1] Petitioner seeks a writ of habeas corpus on the following grounds:

   I.   The tate violated M.R.E. 701 and M.R.E. 702, trial court abused its discretion by allowing testimony from lay witnesses and state withheld exculpatory information.

   II.  Ineffective Assistance of Appellate Counsel.

   III. Ineffective Assistance of Counsel.

   IV.  Prosecutorial Misconduct for presenting perjured testimony.

## II. DISCUSSION

---

[1] Under the prison mailbox rule, this Court will assume that petitioner actually filed his habeas petition on September 2, 2016, the date that it was signed and dated. *See Towns v. U.S.,* 190 F. 3d 468, 469 (6th Cir. 1999).

The instant petition is subject to dismissal because two of petitioner's claims, by petitioner's own admission, have yet to be exhausted with the state courts.

As a general rule, a state prisoner seeking federal habeas relief must first exhaust his or her available state court remedies before raising a claim in federal court. 28 U.S.C. § 2254(b)-(c). *See Picard v. Connor*, 404 U. S. 270, 275-78 (1971). Federal district courts must dismiss mixed habeas petitions which contain both exhausted and unexhausted claims. *See Pliler v. Ford,* 542 U.S. 225, 230 (2004) (citing *Rose v. Lundy,* 455 U.S. 509, 510, 522 (1982)). A habeas petitioner has the burden of proving that he has exhausted his state court remedies. *Sitto v. Bock,* 207 F. Supp. 2d 668, 675 (E.D. Mich. 2002). The failure to exhaust state court remedies may be raised *sua sponte* by a federal court. *See Benoit v. Bock,* 237 F. Supp. 2d 804, 806 (E.D. Mich. 2003); 28 U.S.C. § 2254(b)(3).

In the present case, the instant petition is subject to dismissal, because petitioner has failed to allege or indicate in his petition that he has exhausted his state court remedies with respect to all of his claims. *See Peralta v. Leavitt,* 56 F. App'x. 534, 535 (2nd Cir. 2003); *see also Fast v. Wead,* 509 F. Supp. 744, 746 (N.D. Ohio 1981).

Petitioner admits on the face of his petition that he failed to raise his first two claims in his direct appeal. Petitioner is only raising these two claims now in his post-conviction motion for relief from judgment, currently pending in the Kalamazoo County Circuit Court. There is no indication that the state trial judge has ruled on that motion. A habeas petition should be denied on exhaustion

3

grounds where a state appeal or post-conviction motion remains pending. *See e.g. Juliano v. Cardwell*, 432 F. 2d 1051 (6th Cir. 1970). Moreover, should the state trial court rule adversely against petitioner, he would be required to appeal the denial of his post-conviction motion to the Michigan Court of Appeals and the Michigan Supreme Court in order to properly exhaust the claims that he is advancing in his post-conviction motion. Denial of a motion for relief from judgment is reviewable by the Michigan Court of Appeals and the Michigan Supreme Court upon the filing of an application for leave to appeal. M.C.R. 6.509; M.C.R. 7.203; M.C.R. 7.302. *See Wagner v. Smith,* 581 F. 3d 410, 414 (6th Cir. 2009). Where a habeas petitioner has an opportunity under state law to file an appeal following the state trial court's denial of his or her state post-conviction motion, the petitioner has failed to exhaust his or her state court remedies. *See Cox v. Cardwell,* 464 F. 2d 639, 644-45 (6th Cir. 1972).

    Petitioner has failed to exhaust his state court remedies and has an available state court remedy with which to do so. Although a federal district court has the discretion to stay a mixed habeas petition containing both exhausted and unexhausted claims to allow the petitioner to present his unexhausted claims to the state court in the first instance, *see Rhines v. Weber,* 544 U.S. 269 (2005), in this case, a stay of the petitioner's application for a writ of habeas corpus would be unnecessary, because the present habeas petition was filed with this Court before petitioner's conviction became final with the state courts pursuant to 28 U.S.C. § 2244(d)(1)(A). Although the Michigan appellate courts affirmed petitioner's

conviction, the Michigan Supreme Court remanded the case to the Kalamazoo County Circuit Court for re-sentencing. There is no indication that petitioner has been re-sentenced. Moreover, following any re-sentencing, petitioner would be entitled under Michigan law to file an appeal from that re-sentencing.[2] Where state appellate courts affirm a habeas petitioner's conviction, but reverses his or her sentence, the judgment against the petitioner becomes final (for purposes of commencing the one-year period for filing a habeas petition) when direct review of the new sentence is completed. *See Rashad v. Lafler,* 675 F. 3d 564, 567-69 (6th Cir. 2012).

Because petitioner has not yet been re-sentenced, the one year limitations period has yet to commence. As the one-year limitations period has yet to begin running in this case, petitioner would not be prejudiced if his habeas petition was dismissed without prejudice during the pendency of his re-sentencing in the state trial court and any appeal following that re-sentencing. Thus, a stay of the proceedings is not necessary or appropriate to preserve the federal forum for petitioner's claims. *See Schroeder v. Renico,* 156 F. Supp. 2d 838, 845-46 (E.D. Mich. 2001); *see also Ross v. Bunting*, 1:13–CV–1420; 2014 WL 3053304, * 5, 8-9 (N.D. Ohio July 7, 2014) (declining to hold petition in abeyance in lieu of dismissal when the petitioner's re-sentencing remained pending in the state trial court).[3]

### III. Conclusion

---

[2] Where an appellate court in Michigan has remanded a case for some limited purpose following a defendant's appeal as of right in a criminal case, a second appeal as of right, limited to the scope of remand, lies from that decision on remand. *See People v. Kincade,* 206 Mich. App. 477, 481; 522 N.W. 2d 880 (1994); *see also People v. Jones,* 394 Mich. 434, 435-436; 231 N.W. 2d 649 (1975).
[3] The statute of limitations would also be tolled pursuant to 28 U.S.C. § 2244(d)(2) while petitioner's post-conviction motion remained pending in the state trial and appellate courts.

The Court will dismiss the petition for writ of habeas corpus without prejudice.  The Court will also deny a certificate of appealability to petitioner.  In order to obtain a certificate of appealability, a prisoner must make a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2).   To demonstrate this denial, the applicant is required to show that reasonable jurists could debate whether, or agree that, the petition should have been resolved in a different manner, or that the issues presented were adequate to deserve encouragement to proceed further. *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000).

When a district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claims, a certificate of appealability should issue, and an appeal of the district court's order may be taken, if the petitioner shows that jurists of reason would find it debatable whether the petitioner states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. *Id.*  When a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petition should be allowed to proceed further.  In such a circumstance, no appeal would be warranted. *Id.*  "The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rules Governing § 2254 Cases, Rule 11(a), 28 U.S.C. foll. § 2254; *see also Strayhorn v. Booker,* 718 F. Supp. 2d 846, 875 (E.D. Mich. 2010).

6

The Court declines to issue a certificate of appealability, because "jurists of reason" would not find it debatable whether this Court was correct in its procedural ruling that petitioner had failed to exhaust two of his claims. *See Colbert v. Tambi,* 513 F. Supp. 2d 927, 939 (S.D. Ohio 2007). The Court will also deny petitioner leave to appeal *in forma pauperis,* because the appeal would be frivolous. *Allen v. Stovall,* 156 F. Supp. 2d 791, 798 (E.D. Mich. 2001).

Based upon the foregoing, **IT IS ORDERED** that the petition for a writ of habeas corpus is **DISMISSED WITHOUT PREJUDICE.**

**IT IS FURTHER ORDERED** that a certificate of appealability is **DENIED.**

**IT IS FURTHER ORDERED** that Petitioner is **DENIED** leave to appeal *in forma pauperis.*

**SO ORDERED**.

    s/Terrence G. Berg
    TERRENCE G. BERG
    UNITED STATES DISTRICT JUDGE

Dated: October 31, 2016

### Certificate of Service

I hereby certify that this Order was electronically submitted on October 31, 2016, using the CM/ECF system, which will send notification to each party, and sent to unrepresented parties via postal mail.

    s/A. Chubb
    Case Manager